NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
30294
15-MAR-2013
09:04 AM

NO. 30294

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


MAKILA LAND CO., LLC, Plaintiff/
Counterclaim-Defendant/Appellee,
v.
YOLANDA DIZON, JOHN AQUINO
and TIARA KANANI AQUINO,
Defendants/Counterclaim-Plaintiffs/Appellants,
and
Heirs of assigns of H.W. HAKUOLE;
MYRTLE WILCOX SCHUMANN, AND
ALL WHOM IT MAY CONCERN,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 02-1-0146)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendants/Counterclaim-Plaintiffs/Appellants Yolanda
Dizon, John Aquino, and Tiara Kanani Aquino ("Tiara Aquino")
(collectively, "Appellants") appeal from (i) the December 17,
2009 Final Judgment Re Fee Simple Title to Apanas 1 Through 5 of
Land Commission Award 6528, Royal Patent 1718, to H. W. Hakuole;
(ii) the December 1, 2009 Order Granting Plaintiff's Motion for
54(B) Certification; and (iii) the August 5, 2009 Order (1)
Granting Plaintiff's Summary Judgment Motion Filed June 12, 2009
on Plaintiff's Claim and Defendants' Counterclaims of Title, and
(2) Denying Plaintiff's Summary Judgment Motion Filed June 12,
2009 on Defendants' Counterclaims of an Easement, entered by the
Circuit Court of the Second Circuit ("Circuit Court").[1]

---

[1]     The Honorable Joel E. August presided.

This case concerns the ownership of 'Āpanas 1 through 5 of Land Commission Award 6528, Royal Patent 1718, located on Maui ("Subject Property"). Plaintiff/Counterclaim-Defendant/Appellee Makila Land Co., LLC ("Makila") sought to quiet title to the Subject Property, claiming fee-simple ownership through either paper title or adverse possession.

The parties have not disputed that the original owner of the Subject Property was H.W. Hakuole. Although Makila conceded that "[t]here is no record of a deed by the awardee, H. W. Hakuole, and no judicial determination of the identity of this [sic] heirs[,]" Makila claimed that it had paper title through mesne conveyances stemming from a warranty deed in which individuals named Sam Hakuole and O.H. Hakuole purported to convey title in the Subject Property to Lahaina Agricultural Company on February 23, 1912 ("February 1912 Deed"). The Circuit Court granted summary judgment in favor of Makila, holding that Makila is the owner in fee simple of the Subject Property.

Appellants argue on appeal that the Circuit Court erred in granting Makila's motion for summary judgment ("MSJ") on the issue of title because (1) there were disputes of material fact as to whether Makila established that it had acquired title through adverse possession; (2) Makila's MSJ, as it related to adverse possession, relied on inadmissible evidence; and (3) to the extent that the Circuit Court granted Makila summary judgment on the basis of paper title, the issue was not properly before the Circuit Court or, in the alternative, genuine issues of material fact remained to be resolved.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows:

Examining the record on appeal, it is unclear whether the Circuit Court granted Makila summary judgment on the basis of paper title, adverse possession, or both. We address paper title because the issue is dispositive.

I.   Appellants fail to show that the issue of paper title was not properly before the court.

Appellants argue that it "would not be fair or proper for Makila to argue in this Court that Makila has ownership of the property by paper title" because (A) Makila's Complaint did not raise the issue of paper title, and (B) despite the fact that Makila's MSJ and reply memorandum addressed the issue of paper title, Makila's attorney had represented in a June 30, 2009 email that the MSJ merely sought a declaration of title based on adverse possession, not paper title.  Appellants are mistaken regarding the first point and overstate the consequences of the second.

A.   The issue was properly raised.

In the first numbered paragraph of the Complaint, Makila claimed that after Sam Hakuole and O.H. Hakuole conveyed their interest in the Subject Property to Lahaina Agricultural Company on February 23, 1912, "title vested by mesne conveyances in Plaintiff."  Thus, Appellants' contention that the Complaint solely relies on adverse possession is incorrect.

In addition, Makila clearly raised the issue of paper title in the MSJ.  Appellants responded to Makila's paper-title argument in their memorandum in opposition.  In its reply in support of the MSJ, Makila again argued that it had paper title to the Subject Property.

B.   Appellants failed to present the Circuit Court with anything to support their contention that Makila was abandoning its paper-title argument.

Appellants' bare assertion in its memorandum in opposition to the MSJ, that Plaintiff's counsel had indicated that Makila was "not relying upon paper title in this matter[,]" provided no basis for the Circuit Court to evaluate Appellants' claim and lacked any probative value.[2]  *See Leis Family Ltd.*

---

[2]   On appeal, Appellants contend for the first time that after Makila filed its MSJ, their attorney requested that Makila's attorney provide them with legible copies of Exhibits 18, 19, and 23.  Also for the first time, Appellants cite to a June 30, 2009 email from Makila's attorney, attached as an appendix to the opening brief, which states:

*P'ship v. Silversword Eng'g*, 126 Hawaiʻi 532, 534 n.2, 273 P.3d 1218, 1220 n.2 (App. 2012) ("argument of counsel in a memorandum of law is not evidence" (quoting *Thomas v. Burlington Indus., Inc.*, 769 F.Supp. 368, 369 (S.D. Fla. 1991) (brackets and ellipsis omitted))). To the extent that Appellants wished for the Circuit Court to agree that the paper title issue had been waived or to otherwise ignore it, they undercut that position by proceeding to address the issue on the merits. Makila's reply in support of the MSJ demonstrated clearly its intent to not abandon the argument.[3/]

Based on Makila's Complaint and the arguments advanced in its MSJ, the issue of paper title was ripe for consideration. Thus, Appellants have not shown that the Circuit Court should not have considered the issue of paper title or that it would be unfair or improper for this court to consider the issue now.

II. Makila had a substantial interest in the Subject Property and its title was superior to that of Appellants.

Makila proved that it had a substantial interest in the Subject Property via paper title. "In an action to quiet title, the burden is on the plaintiff to prove title in and to the land in dispute, and, absent such proof, it is unnecessary for the

---

> I am writing in response to your letter dated 6-18-2009.
> You request legible copies of Exhibits 18, 19 and 23
> attached to my motion for summary judgment. I must point
> out that our motion seeks to have the court confirm title in
> plaintiff based upon adverse possession not paper title.
> The exhibits that you are asking about concern paper title.
> If you want to see better copies of the exhibits you might
> take a look at the copies in the court file which are
> original certified copies.

An appellate court will not examine evidence not specifically called to the attention of the trial court. *Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co.*, 100 Hawaiʻi 97, 108, 58 P.3d 608, 619 (2002). Therefore, we observe no basis upon which we might conclude that Plaintiff is equitably estopped from advancing arguments here regarding its claim to paper title.

[3/]   In addition, Appellants failed to provide a transcript of the hearing on the MSJ, at which time the issue may have been raised and addressed, thus precluding us from reviewing the Circuit Court's action or rationale. *See Bettencourt v. Bettencourt*, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (quoting *Union Bldg. Materials Corp. v. Kakaako Corp.*, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984) (internal quotation marks and brackets omitted))).

4

defendant to make any showing." *Maui Land & Pineapple Co. v. Infiesto*, 76 Hawai'i 402, 407, 879 P.2d 507, 512 (1994). "The plaintiff has the burden to prove either that he has paper title to the property or that he holds title by adverse possession." *Id.* at 408, 879 P.2d at 513. "While it is not necessary for the plaintiff to have perfect title to establish a prima facie case, he must at least prove that he has a substantial interest in the property and that his title is superior to that of the defendants." *Id.*

Recitals of fact in a deed purporting to establish an interest in real property are admissible to prove that such an interest existed "unless the circumstances indicate lack of trustworthiness." *See id.* at 406-07, 879 P.2d at 511-12; Haw. R. Evid. 803(b)(15). For instance, in *Maui Land & Pineapple*, the Supreme Court held that the circuit court did not abuse its discretion in considering a recital in a deed that a grantor of real property was "lawfully seized in fee simple" and that the property was "clear and free of all encumbrances." 76 Hawai'i at 406-07, 879 P.2d at 511-12 (internal quotation marks omitted).

Here, in the February 1912 Deed, S. Hakuole and O.H. Hakuole declared that they were "lawfully seized of the [Subject Property]" and that they had "a good and lawful right to sell the same[.]" Appellants do not address these statements, and nothing in the record indicates that they are untrustworthy; S. Hakuole and O.H. Hakuole share the same last name as H.W. Hakuole, leading to a reasonable inference that they inherited an interest in the Subject Property. As Makila claims paper title through mesne conveyances arising from the February 1912 Deed, Makila has made a prima facie showing that it has a substantial interest in the Subject Property.

Appellants fail to offer evidence of any title to the Subject Property and, thus, have not presented a dispute of material fact sufficient to defeat summary judgment. They have not presented any evidence tending to prove that they were conveyed an interest in the Subject Property or of any relation

to H.W. Hakuole.[4]  Nor have Appellants presented a genuine issue of material fact with regard to their own acquisition of title to the Subject Property through adverse possession.  Thus, the Circuit Court did not err in granting Makila summary judgment on the issue of title to the Subject Property because Appellants failed to present any evidence indicating that they have any title in the Subject Property.

Therefore, the December 17, 2009 Final Judgment Re Fee Simple Title to Apanas 1 Through 5 of Land Commission Award 6528, Royal Patent 1718, to H. W. Hakuole; the December 1, 2009 Order Granting Plaintiff's Motion for 54(B) Certification; and the August 5, 2009 Order (1) Granting Plaintiff's Summary Judgment Motion Filed June 12, 2009 on Plaintiff's Claim and Defendants' Counterclaims of Title, and (2) Denying Plaintiff's Summary Judgment Motion Filed June 12, 2009 on Defendants' Counterclaims of an Easement, entered by the Circuit Court of the Second Circuit, are affirmed.[5]

DATED:  Honolulu, Hawai'i, March 15, 2013.

On the briefs:

James Richard McCarty,
for Defendants/Counterclaim-
Plaintiffs/Appellants

Michael W. Gibson,
(Ashford & Wriston)
for Plaintiff/Counterclaim-
Defendant/Appellee

Chief Judge

Associate Judge

Associate Judge

---

[4]     Tiara Aquino claims to be a descendent of "William H. Hakuole," but does not explain who he is.  In their opposition memorandum, Appellants refer to the original owner of the Subject Property as H.W. Hakuole, not as William H. Hakuole.

[5]     The Circuit Court's judgment that is the subject of this appeal did not address Defendants' counterclaim for an easement, concerning which the Circuit Court stated that there were genuine issues of material fact.  Thus, we express no opinion on the easement counterclaim.